MAUGA MOIMOI, Plaintiff (District Governor Falelima E.)

v.

W. HOWDEN, et al., Defendants

No. 29-1902

United States Naval Station, Tutuila Samoa

In the District Court #1 Held at Fagatogo

Civil Jurisdiction, Trial Division

June 30, 1902

Before: HON. E. W. GURR, *District Judge of Tutuila;*
MAUGA TAUFAASAU, *District Judge of Court #1*

FINAL JUDGMENT

The Plaintiff in this case in the Native District Governor

3

for the District of Falelima East, in Tutuila, and brings this action into Court in his official capacity as District Governor, and as a Member of the Board of Assessors, a body appointed under *Regulation* No. 21 of 1900, "TO REGULATE AND ASSESS THE PAYMENT OF TAXES," when the Commandant has given notice of the amount of tax required.

The Defendant, Howden, is a trader, and the native co-defendants are chiefs holding official positions under the government in certain towns in the District under the Plaintiff's administration.

In the month of December, 1901, the Commandant issued an order under *"THE NATIVE TAXES ORDINANCE OF 1900,"* requiring, inter-alia, the District of Falelima East to pay 350,000 pounds of copra by way of taxation for the year 1902. The order stipulated that, whilst it was intended that the tax be paid in copra, the natives could pay in copra, or its equivalent in cash, or other produce; and the basis for calculating the equivalent was then fixed.

In pursuance of the Commandant's order, the Board of Assessors met together, and, in confirmation of a previous resolution of the people already in the hands of the Board, resolved that the District Tax, as required, be paid in copra. The 350,000 lbs. were then divided amongst the counties of the District, and the amount assessed upon the counties was subdivided among the villages or towns, by the Board of Assessors. No objections were raised against these assessments by the people, and it was publicly reported that the Board of Assessors, with the unanimous approval of the representative chiefs, had created a "SA" on all copra grown on the native lands of the District until the required amount of copra assessed should be ready for delivery.

No plea was made challenging the validity or regularity

4

of the Ordinance, or the proceedings taken under it by the Commandant and the Board of Assessors.

The "SA" is one of the oldest customs and usages of the Samoans, and is resorted to when any tax or debt by the people has to be paid, or when the people want to raise any subscription for any purpose, or desire to preserve their produce and livestock.

The Plaintiff contends that this "SA" ordered by the Board of Assessors, is equivalent to a lien on the copra-produce, established in favor of the government.

The obligations devolving upon the people upon the establishment of a "SA" have always been respected, and any disregard of these obligations has been the cause of punishment upon the offender.

Traders and Missionaries have claimed a right of protection under the "SA" when it has been necessary to secure the payment of a debt, or promised donations, or subscriptions.

The principle governing the American Law concerning liens to secure the payment of taxes is, that no lien attains unless it be provided for by statute or by some act of the legislature.

The custom that has existed in Samoa, establishes a lien on the property. Until recently, the satisfaction of a tax, or contribution, could not be made except through the medium of the article itself. There could be no conversion.

The Court upholds the contention of the Plaintiff that, on growing crops of copra belonging to the villages represented by the Defendant-chiefs, a valid lien was created when the Board of Assessors, in order to comply with the order of the Commandant, resolved to, and did, establish the "SA".

Between the months of December 1901, and the 1st day of May, 1902, the limit of the time allowed for the delivery

5

of the Tax Copra to the Government, the Defendant-chiefs had not delivered one pound of their copra-produce, through the District Governor, for the tax, nor had they any ready for delivery. During those months, the Defendant, Howden, received divers quantities of copra, amounting to more than 36,826 lbs. This quantity was shipped on board the cutter ETTIE WHITE on or about the 20th day of May, 1902, and was brought to Pago Pago. Upon its arrival at Pago Pago, it was subject to an injunction order of this Court pending these proceedings.

The Court has no doubt but that Howden knew of the resolution of the Board of Assessors concerning the copra, and that he instigated and urged the Chiefs to evade their obligations.

The assessments on the towns represented by the Defendant-chiefs are:—

Aoa, 12,400 lbs.; Onenoa, 12,400 lbs.; Tula, 12,400 lbs.; Alao, 12,400 lbs.

It has been shown that the quantities obtained by Howden from these towns are: Aoa, 7,864 lbs.; Onenoa, 5,191 lbs.; Tula, 10,939 lbs., and from Alao, 8,000 lbs., or more.

The balance of the copra on the ETTIE WHITE has been obtained by Howden from other sources. The copra from Onenoa; viz.: 5,191 lbs., was cut out and delivered to Howden before the 1st day of January, 1902, and is not subject to the "SA".

The Court orders that, of the copra on board the ETTIE WHITE at the time of the Commencement of these proceedings, Defendant Howden is entitled to 10,023 lbs., and that the Plaintiff, on behalf of the government, is entitled to 26,803 pounds.

Orders will be made for the payment, under an agreement entered into between the parties as to the disposal of the copra now on file in this Court, for the amounts due to each party, less the costs, to be assessed.

Defendant Howden has accepted some of the copra now ruled to be Tax Copra, in payment of certain alleged debts due by the towns to him, and the rest of the Copra he has not yet paid for.

It was intimated by the Court that an endeavor would be made to adjust the accounts between Howden and the natives, but, by the conflicting statements made in evidence, and the inaccuracies and imperfect entries made in the copra books presented by Defendant Howden, this is a matter of present impossibility. The Court is, therefore, compelled to abandon that intention, and to leave Howden and the native chiefs to settle their own differences arising out of the result of this trial.

### THE COSTS ARE ASSESSED AS UNDER:

| | | |
|---|---|---|
| On Howden | $ | 27.22 |
| " Aoa Town | | 21.35 |
| " Tula Town | | 29.70 |
| " Alao Town | | 21.73 |
| TOTAL | $100.00 | |

The respective amounts due are:

To Howden—£60/2/10$^{3}$/$_{4}$ = $300.72

" Plaintiff, for town of Aoa )
)
" " " Tula ) £160/16/9$^{1}$/$_{4}$ = $804.18
)
" " " Alao )

Less the costs, as assessed above.

7